**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MAYNOR VILLANUEVA,

Petitioner,

vs.

TIMOTHY FILSON, *et al.*,

Respondents.

_______________________________/

2:16-cv-02154-RFB-CWH

**ORDER**

This case is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Maynor Villanueva. Villanueva filed his habeas petition (ECF No. 1) on September 12, 2016.

The court has examined the petition, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Villanueva's habeas petition appears defective, in that it appears to have been filed long after the expiration of the applicable one-year statute of limitations. The court will, therefore, order Villanueva to show cause why the court should not dismiss this action.

Villanueva's habeas petition challenges his conviction and sentence for attempted murder. *See* Petition for Writ of Habeas Corpus (ECF No. 1), pp. 1-2. According to the petition, the judgment of conviction was entered on June 7, 2000, in Nevada's Eighth Judicial District Court. *See id*. at 1-2, 5.

Villanueva alleges in his petition that he appealed from his conviction, and the Nevada Supreme Court affirmed on July 25, 2001. *See id*. Villanueva states that he did not file a state habeas corpus action. *See id*. at 1. Indeed, his petition does not describe any state court litigation regarding his conviction between July 25, 2001, and July 22, 2014, when he filed, in the state district court, a motion for modification of his sentence. *See id*. at 1-2, 5. According to Villanueva, the district court denied his motion for modification of sentence, he appealed from that ruling, and the Nevada Court of Appeals affirmed on February 24, 2015, and denied rehearing on June 9, 2015. *See id*. at 5.

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted in 1996, included a one-year statute of limitations for federal habeas petitions filed by prisoners challenging state convictions or sentences:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > © the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Villanueva's direct appeal concluded on July 25, 2001, when the Nevada Supreme Court affirmed his judgment of conviction. *See* Petition for Writ of Habeas Corpus, pp. 1-2, 5. Adding the ninety days within which a petition for a writ of certiorari could have been filed (*see* Supreme Court

Rule 13), the date on which Villanueva's conviction became final, for purposes of the AEDPA statute of limitations, was October 23, 2001. The AEDPA limitations period began running on that date. And, absent any tolling, the one-year limitations period expired a year later, on October 23, 2002, more than thirteen years before Villanueva initiated this action.

The AEDPA statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). However, there is no indication in Villanueva's habeas petition that he initiated any state court litigation with respect to his conviction and sentence between October 23, 2001, and October 23, 2002. In fact, according to his petition, Villanueva did not further challenge his conviction and sentence in any court until July 22, 2014, when he filed, in the state district court, his motion for modification of sentence. *See* Petition for Writ of Habeas Corpus, pp. 1-2, 5.

A habeas petitioner is entitled to equitable tolling of the AEDPA statute of limitations if the petitioner shows: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The threshold necessary to trigger equitable tolling "is very high, lest the exceptions swallow the rule." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir.), *cert. denied*, 558 U.S. 897 (2009) (citations and internal quotations omitted). The petitioner bears the burden to show equitable tolling is warranted. *See Zepeda v. Walker*, 581 F.3d 1013, 1019 (9th Cir. 2009). The petitioner must show that the alleged "extraordinary circumstances" were the "cause of his untimeliness." *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006), *cert. denied*, 549 U.S. 1317 (2007). Villanueva's habeas petition does not indicate any ground for equitable tolling.

The court will grant Villanueva an opportunity to show cause why this action should not be dismissed as barred by the statute of limitations. If Villanueva fails, within the time allowed, to make a *prima facie* showing that this action was not untimely filed, this case will be dismissed.

If Villanueva is able to make the showing required by this order, the court will then screen the petition with regard to whether Villanueva states any claims that are not plainly meritless.

Finally, the court notes that Villanueva has named, as a respondent, the warden of Ely State Prison, the prison where he is apparently incarcerated, and he has identified the respondent as warden as Renee Baker. The court is informed, however, that Timothy Filson is now the warden of Ely State Prison, having succeeded Renee Baker in that position. Pursuant to Federal Rule of Civil Procedure 25(d), the court will direct the Clerk of the Court to update the docket in this case to reflect the proper identity of the respondent warden.

**IT IS THEREFORE ORDERED** that the petitioner, Maynor Villanueva, shall have **60 days** from the date of entry of this order to show cause why the court should not dismiss this action, as explained above. Failure to respond to this order within the time allowed, or failure to make the required showing, will result in the dismissal of this action.

**IT IS FURTHER ORDERED** that the clerk of the court shall add Adam Paul Laxalt, Attorney General of the State of Nevada, as counsel for respondents.

**IT IS FURTHER ORDERED** that the clerk of the court shall electronically serve upon respondents a copy of the habeas corpus petition in this case (ECF No. 1) and a copy of this order. Respondents' counsel shall enter a notice of appearance within **30 days** of the entry of this order, but need take no further action in the case unless and until the court so orders.

**IT IS FURTHER ORDERED** that the clerk of the court shall send the petitioner a copy of his habeas corpus petition (ECF No. 1), with service of this order.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of the Court shall substitute Timothy Filson for Renee Baker, on the docket for this case, as the respondent warden, and shall update the caption of the action to reflect this change.

**DATED** this 18th day of January, 2017.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE